IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

RYAN BONNEAU,                                    Case No. 3:11-cv-1566-SI

        Petitioner,                              ORDER

  v.

J.E. THOMAS,

        Respondent.

SIMON, District Judge.

    This 28 U.S.C. § 2241 action is before the Court on Petitioner's Motion for Temporary Restraining Order and Preliminary Injunction (#5). Petitioner seeks an order enjoining the BOP from collecting any more than $25.00 per quarter for payment of court ordered restitution. Petitioner further asks the Court "to prohibit any loss of privileges to the extent that such loss would constitute irreparable harm."

1 - ORDER

The Court has jurisdiction in this case based on Petitioner's allegation that the manner in which the Bureau of Prisons ("BOP") is executing his sentence does not comport with the sentencing court's order. *See Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000)(jurisdiction exists under § 2241 for reviewing challenge to execution of federal sentence). However, for the reasons set forth below, Petitioner's motion for injunctive relief is DENIED.

### STANDARDS

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 24 (2008). "A plaintiff seeking a preliminary injunction must establish [1] that he is *likely* to succeed on the merits, [2] that he is *likely* to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Id.*, at 20 (emphasis added); *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). In the Ninth Circuit, assuming the other elements of the *Winter* test are met, a "sliding scale" approach may be taken and "[a] preliminary injunction is appropriate when a plaintiff demonstrates ... that serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor." *Alliance for the Wild Rockies*, 632 F.3d at 1131-35 ("'serious questions'

2 - ORDER

approach survives *Winter* when applied as part of the four-element *Winter* test").

## DISCUSSION

On December 29, 2011, Petitioner filed a habeas petition alleging the BOP was collecting more in restitution payments through the Inmate Financial Responsibility Program ("IFRP") than is allowed pursuant to the sentencing documents in case no. 3:10-cr-402-MO. He argues that pursuant to the sentencing court's order the BOP is only allowed to withdraw $25 per quarter, but is requiring that he make larger payments.

"The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held," and it is generally not appropriate for a federal court at the preliminary injunction stage to give a final judgment on the merits. *University of Texas v. Camenisch*, 451 U.S. 391, 395 (1981); *Regents of University of California v. ABC, Inc.*, 747 F.2d 511, 514 (9th Cir. 1984) ("the function of a preliminary injunction is to preserve the *status quo ad litem*"); *see also Marlyn Nutraceuticals, Inc. v. Mucas Pharma GmbH & Co.*, 571 F.3d 873, 879 (9th Cir. 2009)(mandatory injunction, which goes beyond maintaining the status quo, is particularly disfavored). The injunctive relief that Petitioner seeks changes the status of the parties and would, in essence, constitute a judgment on the merits of his claims challenging BOP action. It is therefore inappropriate. Moreover,

3 - ORDER

Petitioner has not shown that he is likely to succeed on the merits of the claims tied to the injunctive relief he seeks. *Winter*, 555 U.S. at 22 (plaintiff seeking preliminary injunction must demonstrate that he is likely to succeed on the merits); *see also Ramirez v. Galaza*, 334 F.3d 850, 857-59 (9th Cir. 2003) (challenge to conditions of confinement proper under § 1983; challenge to disciplinary measures in habeas action proper only where expungement of disciplinary action is likely to impact the length of inmate's sentence); 18 U.S.C. § 3626(a)(2)(providing that preliminary injunctive relief in civil action with respect to prison conditions must be narrowly drawn). Nor has Petitioner shown he is likely to suffer irreparable harm absent injunctive relief. *See Nat'l Ass'n of Internal Revenue Emp. v. Nixon*, 349 F.Supp. 18, 21 (D.C.D.C. 1972) (monetary loss alone does not constitute irreparable harm). Remedies exist to address restitution payment withdrawals from Petitioner's inmate trust account should he prevail on his claim that the amount withdrawn is inconsistent with the sentencing court's order and unlawful.

## CONCLUSION

Based on the foregoing, Petitioner's Motion [5] is DENIED.

IT IS SO ORDERED.

DATED this 14th day of March, 2012.

                                      Michael H. Simon
                                      United States District Judge

4 - ORDER