IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


RYAN BONNEAU,                                    3:11-cv-1566-SI

       Petitioner,                               OPINION AND ORDER

  v.

JEFFREY THOMAS,

       Respondent.


RYAN BONNEAU
66700-065
United States Penitentiary
3901 Klein Blvd.
Lompoc, CA  93436

       Pro Se Petitioner


S. AMANDA MARSHALL
United States Attorney
NATALIE K. WIGHT
Assistant United States Attorney
1000 SW Third Avenue, Suite 600
Portland, OR  97204-2902

       Attorneys for Respondent


1 - OPINION AND ORDER -

SIMON, District Judge.

Petitioner, formerly an inmate at Federal Correctional Institution, Sheridan, Oregon ("FCI Sheridan") and presently incarcerated at the United States Penitentiary, Lompoc, California, brings this habeas corpus action pursuant to 28 U.S.C. § 2241. He alleges the Bureau of Prisons ("BOP") wrongfully set a schedule for payment of restitution obligations while he was incarcerated at FCI Sheridan. (#1, at 7.) Petitioner asks the Court to order the BOP to cease any collection activity beyond $25 per quarter. (*Id.*) Because Petitioner's claim lacks merit, the Petition for Writ of Habeas Corpus (#1) is denied and this action dismissed with prejudice.

## BACKGROUND

I. Statutory and Regulatory Framework

Section 3665(f) of the Mandatory Victims Restitution Act ("MVRA") specifies in relevant part:

> (2) Upon determination of the amount of restitution owed to each victim, the court shall, pursuant to § 3572 [Imposition of a sentence of fine and related matters], specify in the restitution order the manner in which, and the schedule according to which, the restitution is to be paid, in consideration of--
>
> (A) the financial resources and other assets of the defendant, including whether any of these assets are jointly controlled;
>
> (B) projected earnings and other income of the defendant; and
>
> (C) any financial obligations of the defendant; including obligations to dependents.

2 - OPINION AND ORDER -

> (3)(A) A restitution order may direct the defendant to make a single, lump-sum payment, partial payments at specified intervals, in-kind payments, or a combination of payments at specified intervals and in-kind payments.
>
> (B) A restitution order may direct the defendant to make nominal periodic payments if the court finds from facts on the record that the economic circumstances of the defendant do not allow the payment of any amount of a restitution order, and do not allow for the payment of the full amount of a restitution order in the foreseeable future under any reasonable schedule of payments.

18 U.S.C. § 3664(f).

The BOP administers a program called the Inmate Financial Responsibility Program ("IFRP"). 28 C.F.R. §§ 545.10 - 545.11; Program Statement P5380.08 (8/15/2005). It was created to serve both penal and social purposes and it allows inmates to pay a broad range of financial obligations while incarcerated. Inmate participation is voluntary. 28 C.F.R. § 545.10. However, non-participation carries consequences, including, for example, being ineligible for program incentives and bonus pay. 28 C.F.R. § 545.11(d).

Under the IFRP, BOP staff work with inmates to develop a financial plan, taking into account an inmate's financial obligations and ability to pay. 28 C.F.R. § 545.11. The IFRP typically requires a minimum payment of $25 per quarter for non-UNICOR and UNICOR grade 5 inmates; payments of at least 50 percent of an inmate's monthly pay are typically required for inmates in

3 - OPINION AND ORDER -

UNICOR grades 1 through 4.[1]  *Id.*  In calculating IFRP payments, the BOP may also take into consideration any funds received from an outside source.  *Id.*  Inmates are responsible for reporting payments they make through IFRP to staff.  See Program Statement P5380.08, p.8.  "The unit manager is the determining authority when it comes to deciding whether an inmate's IFRP payments are commensurate with his/her ability to pay."  *Id.*  Inmates who do not meet their IFRP obligations are not eligible for incentives.  See 28 C.F.R. § 545.11.

II. Statement of the Case

On March 14, 2011, Petitioner appeared in the United States District Court for the District of Oregon, before the Honorable Michael W. Mosman, for sentencing in three criminal cases: CR-02-467-MO; CR-06-380-MO; and CR-10-402-MO. (#1, Pet., Ex. B.)  In CR 10-402-MO, Petitioner entered a plea of guilty to violation of 21 U.S.C. § 841(a)(1) and (b)(1)(D), Possession with Intent to Distribute a Controlled Substance.  Petitioner was sentenced to forty-six months imprisonment and three years of supervised release. (*Id.*, Ex. A at 3.)  In cases CR-02-467-MO and CR-06-380-MO, due to supervised release violations, the court revoked supervised release and imposed consecutive nine-months and eleven-months terms of imprisonment. (*Id.*, Ex. B at 12.)

---

[1] UNICOR is the name of a prison industries corporation that provides employment and job training to BOP inmates.

4 - OPINION AND ORDER -

During the sentencing hearing the Court stated:

> [Petitioner] shall pay all remaining restitution owed in 02-467, with an original balance of $180,000. If there's any unpaid balance at the time of release from custody, you shall make payments at the maximum installment possible, but not less than $100 per month.
>
> * * * * *
>
> I am not ordering any fine, as the defendant's limited financial resources will be applied to the restitution obligation.
> You shall pay a fee assessment in the amount of $100, due immediately in full.
> Payment of these penalties -- namely, restitution -- shall be due during the period of imprisonment as follows: half of wages earned if defendant is participating in a prison industries program; $25 per quarter if not. Resources received from any source, including inheritance, settlement or any other judgment shall be applied to the restitution or fine still owed.

(*Id.*, Ex. B at 13,14.)

The judgement entered by the court specified a schedule of payments as follows:

> Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:
>
> A.  Lump sum payment of $100.00 due immediately[;]
> B.  Payment to begin immediately[.]
>
> [X] Payment of criminal monetary penalties, including restitution, shall be due during the period of imprisonment as follows:
>     (1) 50% of wages earned if the defendant is participating in a prison industries program; (2) $25 per quarter if the defendant is not working in a prison industries program.
>
> It is ordered that resources received from any source, including inheritance, settlement, or any other judgment, shall be applied to any restitution or fine still owed, pursuant to 18 U.S.C. § 3664(a).

5 - OPINION AND ORDER -

(*Id.*, Ex. A at 6.)

On December 19, 2011, Petitioner met with his BOP counselor, Jennifer Baumeister, "to review and establish his financial plan to pay his outstanding restitution balance of $177,470.10." (#11, Decl. at 2.) Calculations, taking money received in the previous six months ($4655.27), subtracting $450, and further adjusting for Petitioner's total IFRP payments made during the previous six months ($226.38), resulted in a potential monthly payment of $663. Ms. Baumeister determined that a monthly payment of $450 "was more appropriate," and Petitioner signed an Inmate Financial Plan agreeing to pay $450 per month, starting in January 2012. (*Id.* and Attach. 2.) On January 11, 2012, after Petitioner made a partial payment of $26.28 instead of the $450 per his agreement, Ms. Baumeister placed Petitioner on IFRP refuse status for failing to meet his obligations. (*Id.*, Attach. 3.)

Petitioner brings this habeas action alleging that the BOP has impermissibly set a restitution payment schedule through the IFRP. He argues *Ward v. Chavez*, 678 F.3d 1042 (9th Cir. 2012) (invalidating an IFRP repayment plan) governs. Respondent argues Petitioner's claim is without merit under *United States v. Lemoine*, 546 F.3d 1042 (9th Cir. 2008)(upholding IFRP).

## DISCUSSION

In *United States v. Gunning*, 339 F.3d 948 (9th Cir. 2003)(*Gunning I*) and *United States v. Gunning*, 401 F.3d 1145, 1150

6 - OPINION AND ORDER -

(9th Cir. 2005)(*Gunning II*), the Ninth Circuit held that, under the MVRA, the scheduling of restitution payments is non-delegable, and that sentencing courts, not the BOP, must set a defendant's restitution repayment schedule. In *Gunning I*, the circuit court found:

> the district court ordered that Gunning 'immediately' make restitution in the amount of $3,924,835.37 and, simultaneously, that '[a]ny unpaid amount is to be paid during the period of supervision as directed by a U.S. probation officer.' **Because we construe this order to assign to the probation office full control of subsequent payment**, we remand for the district court to provide for the terms of restitution.

339 F.3d at 950 (emphasis added). In *Gunning II*, the circuit court found that on remand the district court set a restitution schedule for the supervised release period but had not done so for the period of incarceration, because the district court specified only that restitution was to be paid through the IFRP. 401 F.3d at 1150.

In *United States v. Lamoine*, 546 F.3d 1042, 1046 (9th Cir. 2008), the Ninth Circuit upheld the IFRP, stating, in relevant part:

> "the BOP's operation of the IFRP does not constitute an unlawful delegation of authority to schedule restitution repayments in violation of the MVRA. The MVRA requires the sentencing court to set a restitution repayment schedule. The sentencing court did that here. The MVRA does not prohibit an inmate from voluntarily making larger or more frequent payments than what was set by the sentencing court. Nor does it limit the authority of the BOP, through the IFRP, to offer incentives to inmates to pay their restitution obligations in larger amounts or at

7 - OPINION AND ORDER -

a faster rate than the court has required."

Here, Petitioner contends the BOP impermissibly set his IFRP repayment at $450, and argues the sentencing court fixed a payment schedule that precludes his having to pay more than $25 per quarter when he is not employed in prison industries (UNICOR). He directs the Court to *Ward v. Chavez*, 678 F.3d 1042 (9th Cir. 2012) (invalidating IFRP payment schedule). However, Petitioner's argument is without merit.

In *Ward*, the Ninth Circuit held that "where the sentencing court failed to consider whether the defendant has the financial resources to pay restitution immediately, ordering immediate payment impermissibly delegates to BOP the court's obligation to set a payment schedule." 678 F.3d at *1. That holding is premised on the circuit court finding that the sentencing court ordered restitution payments of approximately $29,000 "due immediately," without taking into account the defendant's financial resources and expecting the BOP to work out the details of repayment. *Id*. at *7. In contrast, when Petitioner was sentenced the court was very clear in ordering repayment of restitution, both during the sentencing hearing and in the Judgment. The court specified that Petitioner must pay $25 per quarter when he is not employed in prison industries; that he must pay 50 percent of his wages when he is employed in prison industries; **and that resources received from any source, including inheritance, settlement, or any other judgment,**

8 - OPINION AND ORDER -

**shall be applied to any restitution or fine still owed.** (#1, Ex. A (emphasis added).) The sentencing court's repayment schedule takes into account the variability of inmate earnings during incarceration, and also specifically takes into account the Petitioner's potential for receiving outside income. The court was clear that outside income should be used to meet Petitioner's restitution repayment obligations. Accordingly, the BOP may take outside income into account in calculating Petitioner's IFRP obligation and require payments of greater than $25 per quarter. In his petition, Petitioner selectively highlights the sentencing transcript to draw the Court's attention to the $25 payment provision, but he appears to ignore the sentencing court's directive that outside income shall be applied to restitution.

Because the IFRP is a valid program to encourage repayment of restitution obligations and because Petitioner presents no evidence that his IFRP plan is contrary to, or inconsistent with the sentencing court's schedule of payments, Petitioner's IFRP claim cannot stand.

## CONCLUSION

For the reasons stated above, the Petition for Writ of Habeas Corpus (#1) is DENIED, and this action dismissed with prejudice.

DATED this 27th day of July, 2012.

_____
Michael H. Simon
United States District Judge

9 - OPINION AND ORDER -